# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:14-cv-269-RJC-DCK

| | |
|---|---|
| STEIN LAW, P.C., and ) <br> MITCHELL A STEIN ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PHARMA SUPPLY, INC., NATIONAL ) <br> HOME RESPIRATORY SERVICES, INC., ) <br> d/b/a DIABETIC SUPPORT PROGRAM, AND ) <br> DIABETIC SUPPLY SUNCOAST, INC., ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on "Plaintiff's Motion to Accept Late Filing of Plaintiff's Response to Defendants' Motion to Dismiss Complaint and Transfer Venue" (Doc. 33); Defendants' "Motion to Dismiss" (Doc. 18); Defendants' "Motion to Transfer Venue" (Doc. 20); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. 35), recommending that this Court grant Plaintiff's motion to accept late filing and deny Defendants' motions. The parties have not filed objections to the M&R and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I.     BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case; therefore, the Court adopts the facts as set forth in the M&R.

## II.     STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations."  28 U.S.C. §

636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). Failure to file objections to an M&R with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full and careful review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Accept Late Filing of Plaintiff's Response to Defendants' Motions to Dismiss Complaint and Transfer Venue (Doc. 33) is **GRANTED.**

2. Defendants' Motion to Dismiss (Doc. 18) is **DENIED.**

3. Defendants' Motion to Transfer Venue (Doc. 20) is **DENIED.**

Signed: October 27, 2014

Robert J. Conrad, Jr.
United States District Judge