# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:14-CV-269-RJC-DCK

| | | |
|---|---|---|
| STEIN LAW, P.C., and<br>MITCHELL A. STEIN, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
|   v. | ) | |
| | ) | **ORDER** |
| PHARMA SUPPLY, INC.;  NATIONAL<br>HOME RESPIRATORY SERVICE, INC.<br>d/b/a DIABETIC SUPPORT PROGRAM;<br>FRANK P. SUESS;  and DIABETIC<br>SUPPLY OF SUNCOAST, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Second Motion To Transfer Venue" (Document No. 38).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition.  Having carefully considered the arguments, the record, and the applicable authority, the undersigned will order that the motion to transfer be <u>granted</u>.

## I. BACKGROUND

Relevant prior litigation has been pursued before this Court, as well as more recently in the U.S. District Court for the Southern District of Florida, involving several of the named parties in this action.  Specifically, <u>Diagnostic Devices, Inc. v. Pharma Supply, National Home Respiratory Service, Inc., Frank P. Suess, Diabetic Supply of Suncoast, Inc., and Dan Dennis</u>, 3:08cv149-RJC-DCK ("DDI-PS Case") was filed on April 4, 2008;  and <u>Diagnostic Devices, Inc. v. Taidoc Technology Corporation</u>, 3:08cv559-RJC-DCK ("DDI-TD Case")was filed on December 5, 2008.  These two cases were consolidated by Chief Judge Robert J. Conrad, Jr.

under Civil Action No. 3:08cv149-RJC-DCK ("DDI-PS Case") on June 18, 2010. On March 23, 2011, the DDI-PS Case was reassigned to Judge Max O. Cogburn, Jr. as the presiding judge. The DDI-PS Case was ultimately closed on March 30, 2012.

Almost two (2) years later, on March 17, 2014, <u>Pharma Supply, Inc. v. Mitchell A. Stein and Stein Law, P.C.</u>, 9:14cv80374-JIC ("Pharma-SL Case") was filed in the Southern District of Florida. The Pharma-SL Case asserts claims that Stein Law, P.C. and/or Mitchell A. Stein committed malpractice in the DDI-PS Case. (Document No. 34, p.1). Since the initial pleading, National Home Respiratory Services, Inc. d/b/a/ Diabetic Support Program, Does 1-5, Diabetic Supply of Suncoast, Inc., Digital E-Technologies, Inc., James P. Schooley, Schooley & Assoc., Inc., Frank Suess, Oliver Suess, and Steven Thuss have been added as parties. The Pharma-SL Case is on-going. On February 11, 2015, Stein Law, P.C. and Mitchell A. Stein filed their "Amended Answer, Affirmative Defenses, Counterclaims And Third Party Claims" (9:14cv80374, Document No. 131), and on February 17, 2015, the Florida court issued an "Order Extending Discovery Deadlines" (9:14cv80374, Document No. 134) that extends discovery through March 23, 2015, and requires dispositive motions to be filed by March 27, 2015. It does not appear that Stein Law, P.C. and Mitchell A. Stein have challenged the jurisdiction of the Florida court. <u>See</u> (9:14cv80374, Document No. 131).

Stein Law, P.C. ("SL") initiated the current action before this Court, more than two (2) months after the Florida action began, with the filing of a "Verified Complaint" on May 23, 2014, against Pharma Supply, Inc. ("Pharma"), National Home Respiratory Services Inc. d/b/a Diabetic Support Program ("DSP"), Diabetic Supply of Suncoast, Inc. ("Suncoast") and Frank Suess ("Suess") (together, "Pharma Parties"); and James P. Schooley, Esq., Schooley & Assoc., Inc. (together, "Schooley") and Does 1 through 5 ("Does"). (Document No. 1, p.1). The fifty

(50) page "Verified Complaint" asserts causes of action for: (1) breach of contract (against Pharma Parties); (2) unjust enrichment (against Pharma Parties and Does); (3) promissory estoppel (against all Defendants); (4) account stated (against Pharma Parties); (5) winding up of partnership… (against Pharma Parties and Does); (6) breach of fiduciary duty (against Pharma Parties and Does); (7) unfair and deceptive trade practices (against Pharma Parties); (8) declaratory judgment; and (8) legal malpractice (against Schooley Defendants). (Document No. 1, pp. 17-46).

On August 18, 2014, Defendants filed their original "Motion To Dismiss" (Document No. 18). The "Motion To Dismiss" asserts, *inter alia*, that this lawsuit is duplicative of a previously filed lawsuit in the U.S. District Court for the Southern District of Florida. (Document No. 18, p.2). Also on August 18, 2014, Defendants filed a "Motion To Transfer Venue" (Document No. 20). Defendants' "Motion To Transfer Venue" contends that this matter should be transferred to the "Southern District of Florida, West Palm Beach Division, the forum of the first-filed action: Pharma Supply, Inc. v. Stein Law, P.C. et al., No. 9:14-CV-80374 (S.D. Fl. 2014)." (Document No. 20, p.1).

On September 23, 2014, before the pending motions were fully ripe, SL and Mitchell A. Stein, Esq. ("Stein") (together, "Plaintiffs") filed an "Amended Complaint" (Document No. 34). The ten (10) page "Amended Complaint" only names the Pharma Parties as Defendants, and has narrowed the causes of action to just one - declaratory judgment. (Document No. 34). The Amended Complaint notes that Plaintiffs' principal place of business and residence is New York; and that Defendants are all residents of, and/or principally do business in, Florida. (Document No. 34, pp2-3). Specifically, Plaintiffs now seek declaratory judgment establishing that:

> (1) neither Stein nor SL is in violation of the Protective Order; (2)
> no confidential information belonging to the Pharma Parties was

disclosed by Stein or SL to Taidoc in any untoward or illegal manner; (3) the Pharma Parties were duly informed, waived any and all conflicts, and consented to Stein and SL acting as trial counsel to Taidoc in the DDI-TD Case on March 13, 2012; and (4) the DDI Case was finally dismissed on March 12, 2012.

(Document No. 34, p.9). Plaintiffs contend that the allegations in the Pharma-SL Case in Florida are "governed by the Protective Order entered in" the DDI-PS Case in North Carolina. (Document No. 34, p.2).

Based on the Amended Complaint, the undersigned issued an "Order And Memorandum And Recommendation" (Document No. 35) recommending that Defendants' "Motion To Dismiss" (Document No. 18); and Defendants' "Motion To Transfer Venue" (Document No. 20) be denied as moot on September 30, 2014. No objections have been filed regarding that recommendation.

On October 10, 2014, the remaining Defendants' "Motion To Dismiss Amended Complaint" (Document No. 36) and "Second Motion To Transfer" (Document No. 38) were filed. These motions have been fully briefed and are ripe for review and disposition. (Document Nos. 37, 39, 41, and 42). By this Order, the undersigned will address the "Second Motion To Transfer" (Document No. 38).

## II. STANDARD OF REVIEW

The applicable statute here is 28 U.S.C. § 1404, which provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In addition, previous decisions by this Court are instructive.

> Even if venue in a jurisdiction is proper, a court may "for the convenience of parties and witnesses, in the interest of justice," transfer the action to another district where venue is proper. 28 U.S.C. § 1404(a) (2006). This court has noted that § 1404(a) is

4

intended to place discretion in the district court to adjudicate motions for transfer on an "individualized, case-by-case basis" of convenience and fairness to the parties. AC Controls Co. v. Pomeroy Computer Res., Inc., 284 F.Supp.2d 357, 360 (W.D.N.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243 (1988)).

McLeod Addictive Disease Center, Inc. v. Wildata Systems Group, Inc., 3:08-CV-27-GCM 2008 WL 2397614, at *1 (W.D.N.C. June 10, 2008). "The Court emphasizes that the applicable law contemplates that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary." 3A Composites USA, Inc. v. United Industries, Inc., 5:13cv083-RLV, 2014 WL 1471075, at *1 (W.D.N.C. Apr. 15, 2014).

When considering a motion to transfer, courts should consider, among other things, eleven factors: 1) the plaintiff's choice of forum, 2) the residence of the parties, 3) access to evidence, 4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses, 5) the possibility of a view by the jury, 6) the enforceability of a judgment, 7) the relative advantages and obstacles to a fair trial, 8) practical issues affecting trial expediency and efficiency, 9) the relative court congestion between the districts, 10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action, and 11) the avoidance of conflict of laws. Id. at 96. The factors are accorded different weights based on the court's discretion. Id.

Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) (citing Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990)); see also, Cohen v. ZL Technologies, Inc., 3:14cv377-FDW-DSC, 2015 WL 93732, at *1-2 (W.D.N.C. Jan. 7, 2015).

## III. DISCUSSION

The Court in its discretion finds good cause to allow Defendants' motion to transfer to the Southern District of Florida and will, therefore, decline to make any recommendation as to

the pending motion to dismiss. See BSN Medical, 2012 WL 171269, at *1, n.1. In short, the interests of justice and convenience of the parties and witnesses dictate that the Southern District of Florida is a more appropriate venue for the parties to seek resolution of this action for declaratory judgment. See 28 U.S.C. § 1404(a). In reaching a determination that this matter should be transferred, the undersigned has applied the factors identified in Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990).

**1**. **Plaintiffs' initial choice of forum**

Although Plaintiffs' choice of forum would ordinarily be given considerable weight, Defendants make a compelling argument that this Court should disregard Plaintiffs' preference in this case because a similar case with similar parties was first-filed elsewhere. (Document No. 39, p.3) (citing Duke Energy Florida, Inc. v. Westinghouse Elec. Co., 3:14cv141-MOC-DSC, 2014 WL 2572960, at *5 (W.D.N.C. 2014)). See also Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 3:02cv237-GCM, 264 F.Supp.2d 357, 364 (W.D.N.C. 2003) (finding that plaintiff's choice of forum not be afforded any weight, and that the case should be transferred). The Nutrition & Fitness decision provides further discussion of the first-filed issue that is instructive here:

> Where the same parties have filed similar litigation in separate federal fora, doctrines of federal comity dictate that the matter should proceed in the court where the action was first filed, and that the later-filed action should be stayed, transferred, or enjoined. . . . The decision to invoke the first-filed rule is an equitable determination that is made on a case-by-case, discretionary basis.
>
> The determination of whether to apply the first-filed rule is not entirely ungoverned, however; courts have recognized three factors to be considered in determining whether to apply the first-filed rule: 1) the chronology of the filings, 2) the similarity of the parties involved, and 3) the similarity of the issues at stake.

Nutrition & Fitness, 264 F.Supp.2d at 360 (internal citations omitted).

Plaintiffs contend the first-filed rule favors their position, based on the prior litigation in this Court, the DDI-PS Case and the DDI-TD Case, discussed above. (Document No. 41, pp.2, 11-13). Plaintiffs go on to assert that even if the Florida action was first-filed, the deference to that court is not absolute. (Document No. 41, p.11). Instead, Plaintiffs argue that the instant action should stay with this Court because this Court entered a Protective Order (3:08cv149-MOC, Document No. 117) in the DDI-PS Case that is critical to Plaintiffs' request for relief, and that this Court retains continuing jurisdiction over that Protective Order. (Document No. 41, pp.11-12) (citing multiple cases holding that a court retains supervisory power over its records and files and the right to modify or lift protective orders).

The undersigned is persuaded that under the circumstances, the "first-filed rule" applies to the Florida case, the Pharma-SL Case, and not the previous cases before this Court. The Pharma-SL case includes similar parties and similar issues. In contrast, the cases before this court were closed long ago and involved different issues.

In addition, the undersigned observes that Plaintiffs in this action do not seek a modification or lifting of a Protective Order in the previous litigation before this Court. Rather, it appears they seek an *interpretation* of the Protective Order and/or the docket sheet or other rulings. The undersigned is not persuaded by Plaintiffs' argument for this forum. For one, the "Joint Proposed Protective Order" (3:08cv149-MOC, Document No. 117), filed on December 21, 2010, was stipulated to by the parties in DDI-PS, and was "adopted and entered, *in toto*" on December 22, 2010 by this Court. As such, this Court took no part in negotiating or drafting the "Joint Proposed Protective Order" and especially over four (4) years later, is unlikely to have any special knowledge or insight into its contents.

To the extent Plaintiffs seek clarification of when certain parties were dismissed, it appears that any such dismissals are a matter of record and can be gleaned from the docket sheet of the case. See 3:08cv149-MOC-DCK. Moreover, Judge Cogburn approved or ordered any such dismissals and he is not the presiding judge in this action.

The undersigned is confident that the Southern District of Florida is more than capable of reviewing the record in DDI-PS, to the extent that is necessary. Also, since the previous litigation concluded in this Court almost three (3) years ago, and the current Florida action is well underway and likely to continue moving forward, the Florida court is more likely to be familiar with the pertinent facts and issues and to reach an efficient resolution of all the claims.

Based on the foregoing, the undersigned weighs this factor as favoring transfer.

**2**. **Residence of the parties**

As noted above, Defendants are residents of Florida, and Plaintiffs are residents of New York. None of the parties are residents of North Carolina.

The undersigned weighs this factor as favoring transfer.

**3**. **Access to evidence**

The evidence in this case is likely to be primarily documents that could be produced in Florida or North Carolina. Defendants contend that almost all their sources of proof are in Florida. (Document No. 39, p.4).

The undersigned finds that this factor slightly favors transfer.

**4**. **Availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses**

Defendants contend that all of the witnesses are located in Florida, except Stein, who is in New York. (Document No. 39, p.4). Plaintiffs contend that Suess is in Florida, but "[e]veryone else is in North Carolina." (Document No. 41, p.15).

The undersigned is not persuaded that either side has offered sufficient detail to support their argument regarding this factor. However, the undersigned observes that there is no dispute that the Florida action is on-going, and that several witnesses and/or counsel involved in this action for declaratory judgment are also engaged in the Florida case. On balance, it appears likely there will be less cost involved in all claims being resolved by the Florida court than having multiple individuals also travel to North Carolina.

The undersigned concludes that this factor favors transfer.

**5**. **Possibility of a view by the jury**

The undersigned is not persuaded that a view by the jury will be necessary, and thus concludes that this factor is neutral.

**6**. **Enforceability of a judgment**

The undersigned cannot foresee, and the parties have not identified, any concerns about the enforcement of a judgment by a U.S. District Court in North Carolina or Florida.

This factor is viewed as neutral.

**7**. **Relative advantages and obstacles to a fair trial**

The undersigned is not aware of any significant advantages or obstacles to a fair trial. Defendants contend that both sides would receive a fair trial in North Carolina or Florida. (Document No. 39, p.5). Moreover, Plaintiffs acknowledge that they "believe they will receive a fair trial in both jurisdictions." (Document no. 41, p.10, n.17).

This factor is viewed as neutral.

**8**. **Practical issues affecting trial expediency and efficiency**

"Trials are never easy, expeditious, or inexpensive." Century Furniture, LLC v. C & C Imports, Inc., 1:07cv179-DLH, 2007 WL 2712955, at * 5 (W.D.N.C. Sept. 14, 2007). Whatever this Court decides, there will be some air travel and inconvenience.

Balancing all the evidence to date, and for reasons noted above, the undersigned is persuaded this factor favors transfer.

**9**. **Relative court congestion between the districts**

Defendants have cited authority suggesting that the Southern District of Florida has fewer cases per judge, and resolves those cases faster than the Western District of North Carolina. (Document No. 39, p.7). Plaintiffs have declined to offer any evidence suggesting Defendants' numbers are inaccurate. (Document No. 41).

The undersigned finds that this factor favors transfer.

**10**. **The interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action**

Defendants persuasively argue that this case has little, if any, real connection with North Carolina, and does not implicate North Carolina law. (Document No. 39, p.7).

The undersigned agrees that this factor favors transfer.

**11**. **Avoidance of conflict of laws**

It appears unlikely that there will be issues with a conflict of laws. However, the undersigned is concerned about avoiding inconsistent results between this Court and the Florida court. There is a genuine risk that if both Courts continue to review similar issues with similar parties, there will be some conflicting or inconsistent results.

The undersigned also finds that this factor favors transfer.

## CONCLUSION

Based on the foregoing, and in accordance with the teachings of <u>Jim Crockett Promotions, Inc. v. Action Media Group, Inc.</u>, the undersigned has conducted a quantitative and qualitative analysis of the foregoing factors, and finds that transfer is appropriate. <u>See</u> <u>Century Furniture, LLC</u>, 2007 2712955, at * 6. In fact, the undersigned finds that the factors overwhelmingly favor transfer and suggest that Plaintiffs should have filed any/all of their claims in the underlying Florida action instead of initiating a separate action here.

**IT IS, THEREFORE, ORDERED** that Defendants' "Second Motion To Transfer Venue" (Document No. 38) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida.

**SO ORDERED**.

Signed: February 19, 2015

David C. Keesler
United States Magistrate Judge